FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY B., | No. 1:19-CV-03161-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S** |
| | **MOTION FOR SUMMARY** |
| COMMISSIONER OF SOCIAL | **JUDGMENT; DENYING** |
| SECURITY ADMINISTRATION, | **DEFENDANT'S MOTION FOR** |
| Defendant. | **SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 10, and Defendant's Cross-Motion for Summary Judgment, ECF No. 11. The motions were heard without oral argument. Plaintiff is represented by Victoria B. Chhagan, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Katherine Watson.

For the reasons set forth below, the Court grants Plaintiff's motion, denies Defendant's motion, and reverse the administrative law judge ("ALJ) decision denying disability benefits.

### Jurisdiction

On December 10, 2015, Plaintiff filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income Disability benefits, alleging an onset date of December 1, 2013.

Plaintiff's application was denied initially and on reconsideration. On May

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

1, 2018, Plaintiff appeared and testified at a hearing held in Seattle, Washington before an ALJ. Steve Duchesne also participated as a vocational expert. Plaintiff was represented by Timothy Anderson, an attorney.

The ALJ issued a decision on July 24, 2018, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on May 5, 2019. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on July 12, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a); 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b); 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1520(b); 416.920(b). If he is not, the ALJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1509; 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1; § 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1509; 416.909. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(f); 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(g); 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

(9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

here. At the time of the hearing, Plaintiff was 32 years old. He graduated from high school and worked as a cashier, cook, customer service representative, and pizza delivery cashier/driver. He lives with his parents. Plaintiff suffers from hemochromatosis. He must have three or four phlebotomies a year to manage the iron levels in his blood. He describes having joint pain and memory loss. He has difficulty doing anything for more than twenty minutes, including playing video games, typing on the computer, or washing dishes. In January 2018, he was diagnosed with fibromyalgia. He also testified that he has irritable bowel syndrome that flares up a couple time a week or more and he experiences tremors.

### The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 1, 2013. AR 18.

At step two, the ALJ found Plaintiff has the following severe impairments: hereditary hemochromatosis, SI joint dysfunction; mild dextrocurvature and straightening of the normal thoracic kyphosis; and cubital tunnel syndrome. AR 18.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 19.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> Light work as defined in 20 CFR 505.1567(b) and 416.967(b) except he can stand and/or walk about 2 hours in an 8-hour day; he can occasionally balance, stoop, kneel, and crouch; he could not climb or crawl; he can frequently reach, handle, and finger with the upper extremities; and he should avoid concentrated exposure to extreme cold, noise, pulmonary irritants and hazards.

AR 20. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a Customer Service Representative. AR 29.

In the alternative, the ALJ found there were other jobs existing in the national economy that he could perform other work, including positions as

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

Receptionist and Final Assembler. AR 30.

## Issues for Review

1.  Whether the ALJ was correct in finding fibromyalgia not a medically determinable impairment at step two of the sequential evaluation process?

2.  Whether the ALJ properly evaluated the treating physician's opinion?

3.  Whether the ALJ properly evaluated Plaintiff's credibility?

## Discussion

The ALJ rejected Plaintiff's treating doctors' opinion and found at step two that Plaintiff did not have a medically determinable impairment of fibromyalgia because the SSR 12-2p requirements were not met. He also gave little weight to his treating doctor's opinion regarding Plaintiff's physical limitations.

To reject the uncontradicted opinion of a treating or examining doctor, the ALJ must state clear and convincing reasons that are supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* (quotation omitted). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Id.* (citation omitted).

Plaintiff's treating doctor, Dr. Duane Teerink, referred Plaintiff to Dr. Jeffrey Ventre due to his diffuse arthropathy and joint pain. AR 451. Dr. Ventre saw Plaintiff in February 2016. He noted that Dr. Shenoi, Plaintiff's oncologist, told Plaintiff that he should not be having his joint pain because his iron levels were decreasing. AR 451. Dr. Ventre noted that Plaintiff had tender and/or triggerpoints that could be suggestive of a systemic process such as fibromyalgia. AR 451. Dr. Ventre noted that activity exacerbates the symptoms. AR 452. Dr. Ventre referred Plaintiff to Dr. Kelly Timmons. AR 451

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

Plaintiff saw Dr. Timmons, a rheumatologist, in January 2018. AR 628. Dr. Timmons reviewed Plaintiff's medical records, including an evaluation at Lakeview Rheumatology Clinic in November 2016. AR 628. She listed his symptoms as stomach pain, IBS, muscle weakness in all muscles, headache, fatigue, and sleeping difficulties. AR 630. She diagnosed him with Fibromyalgia (Primary), Hemochromatosis, and Polyarthralgia. AR 630.

Social Security Rule (SSR) 12-2p provides guidance for determining whether fibromyalgia is a medically determinable impairment. *Social Security Rule, SSR 12-2P; Titles II and XVI; Evaluation of Fibromyalgia*, 2012 WL 3104869 (July 25, 2012). Pursuant to SSR 12-2p, a claimant can establish that he has a medically determinable impairment of fibromyalgia by provided evidence from an acceptable medical source. *Id.* at *2. SSR 12-2p provides two sets of criteria for diagnosing fibromyalgia. The first set of criteria provides that a person suffers from fibromyalgia if: (1) he has widespread pain that has lasted at least three months; (2) he has tenderness in at least eleven of eighteen specified points on his body; and (3) there is evidence that other disorders are not accounting for the pain. *Id.* at *2-3. The second set of criteria indicates that a person suffers from fibromyalgia if: (1) he has widespread pain that has lasted at least three months; (2) he has experienced repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occuring conditions, "especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3) there is evidence that other disorders are not accounting for the pain. *Id.* at *3. SSR 12-2 instructs that after a claimant has established a diagnosis of fibromyalgia, an analysis of the RFC should consider a "longitudinal record whenever possible." *Id.* at *6.

Here, the ALJ erred in rejecting of Dr. Timmons' opinion because he failed to provide specific and legitimate reasons for doing so. The ALJ erred in suggesting that Dr. Timmons disregarded the requirements of the American

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

College of Rheumatology in coming to her diagnosis. Dr. Timmons reviewed Plaintiff's medical records and note the absence of a number of signs/symptoms characteristic of other conditions. AR 628. Plaintiff's medical records contained evidence of tender points. It was not reasonable to question her diagnosis because she did not specifically identify the number and location of the tender points. *See Contreras v. Astrue*, 2010 WL 1784725 (9th Cir. 2010) (in an unpublished opinion, the Ninth Circuit indicated that it is not necessary for a physician to provide documentation identifying the specific number and location of the tender points for fibromyalgia to be a medically determinable impairment).

Consequently, the ALJ erred in concluding that fibromyalgia was not a severe impairment, and then erred in rejecting Plaintiff's pain testimony on the grounds that his other impairments did not reasonably account for his symptoms.

The ALJ erred in rejecting the February 2016 opinion of Plaintiff's treating physician, Dr. Teerink because he failed to provide specific and legitimate reasons for rejecting it. A non-examining DDS consultant, Dr. Hale, assessed fewer limitations than Dr. Teerink, AR 121. However, his opinion alone does not constitute substantial evidence sufficient to reject a treating or examining physician. *See Tonapetyan v. Halter* 242 F.3d 1144, 1149 (9th Cir. 2001). Moreover, Dr. Hale did not directly address some of the limitations assessed by Dr. Teerink, and thus, did not contest them.

The ALJ also failed to provide clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and functional limitations. The ALJ found there was no reason for Plaintiff to have the level of pain he alleged since the phlebotomies were reducing his iron levels. However, this finding does not account for Plaintiff's diagnosis of fibromyalgia. Moreover, Plaintiff testified that he was unable to work full-time. He explained that he worked for Pizza Hut for many years, starting out as full time, then transitioning to part-time. Pizza Hut was able to accommodate his medical condition to permit him to work part-time, but

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

1  as his condition worsened, he was unable to continue part-time work. The ALJ
2  erred to relying on Plaintiff's part-time work to find his description of his
3  symptoms incredible.

4  **Conclusion**

5       Because the ALJ erred in rejecting Dr. Timmons's diagnosis of
6  fibromyalgia, erred in rejecting Dr. Teerink's opinions, and erred in finding
7  Plaintiff not credible, it is necessary to remand this case to the Commissioner for
8  further proceedings to make a new step two finding; re-evaluate the medical and
9  testimonial evidence, reassess Plaintiff's RFC and make new step four and five
10 findings.

11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

1    Accordingly, **IT IS HEREBY ORDERED:**

2        1.    Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED**.

3        2.    Defendant's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

4        3.    The decision of the Commissioner denying benefits is **reversed**. This

5    matter is remanded to the Commissioner for further proceedings. The

6    Commissioner must make a new step two finding; re-evaluation the medical and

7    testimonial evidence, reassess Plaintiff's RFC, and make new step four and five

8    findings.

9        4. The District Court Executive is directed to enter judgment in favor of

10    Plaintiff and against Defendant.

11        **IT IS SO ORDERED.** The District Court Executive is hereby directed to

12    file this Order, provide copies to counsel, and **close** the file.

13        **DATED** this 8th day of September 2020.

14

15

16    

17

18                      Stanley A. Bastian

19                Chief United States District Judge

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**